UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA , <br><br>　　　　　　　Plaintiff(s), <br>　　v. <br><br>CHRISTOPHER M. MOLLER, <br><br>　　　　　　　Defendant(s). | CASE NO. CR23-0169-KKE <br><br> ORDER FOR SUPPLEMENTAL BRIEFING ON POST-JUDGMENT RESTITUTION |

　　　　Defendant pleaded guilty to one count of possession of child pornography and the Court sentenced him to 78 months in custody and 15 years of supervised release. Dkt. Nos. 40, 41. The Court reserved ruling on the issue of post-judgment restitution. Having heard from both Defendant and the Government on this issue, the Court now ORDERS the parties to provide supplemental briefs on restitution for the following reasons.

　　　　Victim restitution is mandatory in cases where a defendant is convicted of trafficking in child pornography. 18 U.S.C. § 2259(b). "[T]o award restitution under [18 U.S.C.] § 2259(b)(1), a district court must make three determinations: (1) that the individual seeking restitution is a 'victim' of the defendant's offense; (2) that the defendant's offense was a proximate cause of the victim's losses[;] and (3) that the losses so caused can be calculated with 'some reasonable certainty.'" *United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011) (citation modified). As to the second determination, district courts are instructed to evaluate a defendant's causal role

ORDER FOR SUPPLEMENTAL BRIEFING ON POST-JUDGMENT RESTITUTION - 1

via application of the factors listed in *Paroline v. United States*, 572 U.S. 434, 460 (2014): (1) "the number of past criminal defendants found to have contributed to the victim's general losses;" (2) "reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;" (3) "any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);" (4) "whether the defendant reproduced or distributed images of the victim;" (5) "whether the defendant had any connection to the initial production of the images;" (6) "how many images of the victim the defendant possessed;" and (7) "other facts relevant to the defendant's relative causal role."

In this case, eight series victims whose files were possessed by Defendant submitted restitution requests totaling $73,000. *See* Dkt. Nos. 44 at 4–6, 46-1, 46-2, 46-3, 46-4, 46-5, 46-6, 46-7, 46-8, 46-9.[1] The Government also submitted a supplemental statement listing the amounts collected by each series victim in this case, for the purpose of showing that the amount requested does not exceed each series victim's outstanding losses. Dkt. No. 49. The Government's brief does not, however, address the *Paroline* factors with application to the circumstances of this case, and Defendant did not file any written statement as to restitution.

Faced with this insufficient briefing, the Court ORDERS the parties to file supplemental statements on restitution. The Government shall file a supplemental statement that explicitly applies the *Paroline* factors to this case, no later than December 23, 2025. Defendant may file a response no later than January 6, 2026. It may be that, even with additional briefing, Court will still lack sufficient information as to Defendant's causal role in his victim's losses. *See, e.g.*, *United States v. Hoffman*, No. 2:22-cr-00018-TL, 2022 WL 4017890, at *7 (W.D. Wash. Sep. 2,

---

[1] The Court GRANTS the Government's unopposed motion to seal the exhibits attached to its restitution memorandum because these exhibits contain sensitive information that could be used to identify the victims. Dkt. No. 45.

ORDER FOR SUPPLEMENTAL BRIEFING ON POST-JUDGMENT RESTITUTION - 2

2022). But before the Court determines that the statutory minimum for each victim is all that can be awarded, the Court will provide the parties another opportunity to provide targeted briefing as to the relevant factors.

Dated this 2nd day of December, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge