UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA , <br><br>          Plaintiff(s), <br><br>     v. <br><br> CHRISTOPHER M. MOLLER, <br><br>          Defendant(s). | CASE NO. CR23-0169-KKE <br><br> ORDER OF RESTITUTION |

Defendant Christopher Moller pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  Dkt. No. 29.  The Court sentenced Defendant to 78 months imprisonment followed by 15 years of supervised release.  Dkt. No. 41.  At the time of sentencing, the Court reserved ruling on restitution.  Dkt. No. 40.

The issue of restitution is now before the Court.  The Court has reviewed the Government's statement (Dkt. No. 44), the Defendant's response (Dkt. No. 52), and the Government's exhibits and supplements to the post-judgment statement (Dkt. Nos. 46, 49, 51).  For the following reasons, the Court will order Defendant to pay restitution totaling $30,000.00 to the eight series victims identified by the Government.

ORDER OF RESTITUTION - 1

# I.    LEGAL STANDARDS

Chapter 110 of Title 18 of the United States Code provides for "mandatory restitution" for victims of offenses involving sexual exploitation and other abuses of children.  18 U.S.C. § 2259.

After a victim is identified, a court must follow a three-step process set out in 18 U.S.C. § 2259(b)(2) to determine the proper amount of restitution.  First, the Court must "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim."  18 U.S.C. § 2259(b)(2)(A).  Second, restitution should "reflect[] the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."  *Id.* § 2259(b)(2)(B). Third, a victim's "aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses."  18 U.S.C. § 2259(b)(2)(C).

In considering the second step of a defendant's "relative role in the causal process that underlies the victim's losses," the Court may consider certain factors that "serve as rough guideposts for determining an amount that fits the offense."  *Paroline v. United States*, 572 U.S. 434, 460 (2014).  These factors include:

(1) the number of past criminal defendants found to have contributed to the victim's general losses;

(2) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;

(3) any available and reasonably reliable estimate of the broader number of offenders involved;

(4) whether the defendant reproduced or distributed images of the victim;

(5) whether the defendant had any connection to the initial production of the images;

(6) how many images of the victim the defendant possessed; and

ORDER OF RESTITUTION - 2

(7) other facts relevant to the defendant's relative causal role.

*Id.* Courts exercise "wide discretion" in awarding restitution and should weigh "the competing principles at stake: that victims should be compensated and that defendants should be held to account for the impact of their conduct on those victims, but also that defendants should be made liable for the consequences and gravity of their own conduct, not the conduct of others." *Id*. at 462.

## II.   DISCUSSION

In this case, the crux of the parties' dispute centers on the second step of the 18 U.S.C. § 2259(b)(2) process.  The Government has presented undisputed evidence relevant to the first and third steps, namely evidence documenting each series victim's total losses and an estimate of their aggregate recovery.  *See* Dkt. Nos. 46-1, 46-2, 46-3, 46-4, 46-5, 46-6, 46-7, 46-8, 51-1, 51-2, 51-3, 51-4, 51-5, 51-6, 51-7, 51-8.

The second step—determining Defendant's relative causal role—requires analysis of the *Paroline* factors.  Dkt. Nos. 51, 52.  The Government argues that the *Paroline* factors are "mere suggestions," and requests that the Court set restitution amounts between $5,000.00 and $10,000.00 per series victim primarily based on the relative number of images of each series victim possessed by Defendant.  Dkt. Nos. 44, 51.  Defendant contends that the Court should order only the statutory minimum of $3,000.00 per series victim.  Dkt. No. 52.  To resolve this dispute, the Court will consider each *Paroline* factor in turn.

The exhibits regarding the victims' calculations of their total losses and the awards received to date provide information relevant to the first *Paroline* factor, considering "the number of past criminal defendants found to have contributed to the victim's general losses."  *See* Dkt. Nos. 46, 51.  But other *Paroline* factors either cannot be applied on this record or do not suggest that Defendant significantly contributed to a victim's overall losses.  The Government acknowledges

ORDER OF RESTITUTION - 3

that the second and third *Paroline* factors cannot be applied, and that the fourth and fifth factors do not support a higher restitution award. *See* Dkt. No. 51 at 6–8. Defendant was charged with, and pleaded guilty to, the possession of pornography; there is no evidence before the Court that demonstrates he reproduced or distributed images of the series victims or had any connection with initial production of the images of the series victims. The Government has not identified any information relevant to the seventh catchall factor, either. *Id*. at 10–11.

As to the sixth *Paroline* factor—the number of images of each series victim that Defendant possessed—the Government notes that Defendant possessed between one and 11 images of each of the identified victims. Dkt. No. 51 at 9–10. The Government requests that the Court order a higher restitution award with respect to those series victims whose images were more represented in Defendant's possession. *See* Dkt. No. 44 at 5–6, Dkt. No. 51 at 9–10. Defendant contends that the statutory minimum should be awarded to each series victim because his causal role was limited, in that he was charged with only possession, and that to award a higher amount would be disproportionate to his conduct. Dkt. No. 52.

The Court finds that most of the *Paroline* factors are either inapplicable on this record or do not support a departure from the statutory minimum, and the parties largely agree with this analysis. The sixth *Paroline* factor, however, provides a basis for distinguishing between the series victims based on the number of images in Defendant's possession. The Court finds it appropriate to tailor the restitution awards to account for the relative number of images in Defendant's possession, although not as high as the Government requested. *See, e.g.*, *United States v. Boone*, No. 25-272-cr (L), 25-544-cr (CON), 2025 WL 3687888, at *2 (2d Cir. Dec. 19, 2025) (affirming a district court's restitution award focused on the relative number of images or videos defendant possessed per victim). Even where a defendant possesses a small number of images of each victim, as is arguably the situation here, courts have entered restitution awards higher than the statutory

ORDER OF RESTITUTION - 4

minimum.  *See, e.g.*, *United States v. Rosenow*, No.: 17cr3430-WQH, 2025 WL 1411539, at *3, 8 (S.D. Cal. May 15, 2025) (awarding $4,000 in restitution to each victim where defendant possessed only a "small number" of images); *United States v. Delacruz*, No. 5:23-cr-00312-EJD-1, 2024 WL 3498240, at *3 (N.D. Cal. 2024) (awarding $5,000 in restitution to each victim where defendant possessed only one image of each victim).

Here, the Court exercises its "wide discretion" in calculating restitution under *Paroline* to find that awarding $5,000 to the three series victims most represented in Defendant's collection of images—Aprilblonde (11 images), Lexie (10 images), and BluesPink1 (nine images)—and $3,000 to the other five series victims reflects Defendant's relative causal role in producing the victims' losses and acknowledges that most of the *Paroline* factors do not support a more significant departure from the statutory minimum.  Although awarding restitution "cannot be a precise mathematical inquiry" (*Paroline*, 572 U.S. at 459), these amounts account for each series victim's losses, reflect Defendant's relative role in causing those losses, and do not exceed each victim's total losses.  Accordingly, 18 U.S.C. § 2259(b)(2) is satisfied.

### III.  CONCLUSION

For all the foregoing reasons, the Court ORDERS Defendant to pay a total of $30,000.00 in restitution to the eight series victims identified by the Government, as follows:

| Series Name | Restitution Amount |
| --- | --- |
| Aprilblonde | $5,000.00 |
| Lexie | $5,000.00 |
| BluesPink1 | $5,000.00 |
| CinderBlockBlue | $3,000.00 |
| Jenny | $3,000.00 |
| Misty | $3,000.00 |

ORDER OF RESTITUTION - 5

MotroCouch1          $3,000.00

Tightsngold          $3,000.00

**TOTAL**:           $30,000.00

Dated this 6th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER OF RESTITUTION - 6